## FENSKE v. HARTMAN.

### No. 3009.

Court of Civil Appeals of Texas. Beaumont

Nov. 6, 1936.

Rehearing Denied Nov. 18, 1936.

F. Lotto, of San Diego, for appellant.

Kazen & Kazen, of Laredo, for appellee.

COMBS, Justice:

The appellee, Frank Hartman, as plaintiff, brought this suit against appellant, Albert Fenske, in the district court of Duval county to recover $499, plus $20 interest, alleged to be due him by the defendant, Fenske, for labor performed under a contract for personal services. It is not disputed that Fenske, a farmer, employed Hartman as a farm laborer, and that the services alleged were performed. The defendant, Fenske, however, contended that the wage agreed upon was $15 per month, and, further, that all sums due by him to Hartman by reason of the services performed had been paid. He also pleaded that the claim was barred by the two-year statute of limitations (Vernon's Ann. Civ.St. art. 5526). On the other hand, Hartman contended that the wage was to be $20 per month and, further, that there was a novation of the contract after his services began, whereby he served as an assistant engineer in a caliche pit operated by Fenske for an agreed wage of $3 per day. He also denied that he had been paid for his services. The case was submitted to the jury on a general charge, and the jury returned a verdict in favor of the plaintiff for $339. Motion for new trial was overruled, and the defendant has appealed.

Appellant's contention that the verdict of the jury is not supported by the evidence is overruled. The evidence on the various issues made by the pleadings was highly conflicting, and the verdict of the jury does have ample support in the record.

Appellant complains of the court's refusal of the following requested charge:

"You are further instructed that while you are the sole judges of the credibility of the testimony you also should consider if any of the testimony given is based on reason, common sense and the customs of the country; if it runs counter against reason, common sense and the customs of the country, you should not believe it, but should reject it."

The court properly refused the requested charge. As framed, it was clearly on the weight of the evidence. The various issues made by the pleadings and the evidence were sufficiently covered in the court's charge as given.

There are also a number of assignments complaining of the admission of testimony, and some complaining of the court's sustaining objections to certain proffered testimony offered by the defendant. It is doubtful that any of the assignments are sufficient to warrant review. In any event, none of said assignments point out any injury to the appellant by reason of the matters complained of.

Finding no error, the judgment of the trial court is affirmed.